RLC ELECTRONICS, INC., Appellant, v. AMERICAN ELECTRONICS LABORATORIES, INC., Respondent.— In this special proceeding to stay arbitration, petitioner appeals from two orders of the Supreme Court, Westchester County, as follows: (1) from the first order, entered February 24, 1972, to the extent that it did not grant the branch of petitioner's motion which was for leave to further examine respondent before trial; and (2) from so much of the second, entered March 6, 1972, as, upon petitioner's motion, denied petitioner leave to renew its motion to further examine respondent, denied discovery and inspection of documents, denied trial by jury on the question of the existence of a binding agreement to arbitrate and deferred determination of the question of whether the New York law or Federal law of arbitration is applicable until determination of the issue of the existence of a binding arbitration agreement. Orders reversed insofar as appealed from, with $10 costs and disbursements, motions for the above-mentioned relief granted, and matter remanded to the Special Term for further proceedings

not inconsistent with the views herein set forth. The record demonstrates that there are many questions left unanswered following initial depositions of respondent; and, in our opinion, in order to fully protect the rights of all parties and in order to narrow the issues and expedite a hearing thereof (if arbitration be warranted), a large degree of liberality should be accorded opposing parties to disclose all matters material and necessary (*Allen* v. *Crowell-Collier Pub. Co.*, 21 N Y 2d 403, 406). Special Term should preliminarily dispose of the possible choice of laws question between the New York law and the Federal substantive law of arbitration, as the result may well determine whether or not the supplemental petition, containing the additional cause of action of fraud in the inducement, should be dismissed or left to possible arbitration (see *Prima Paint Corp.* v. *Flood & Conklin Mfg. Co.*, 388 U. S. 395; *Lawrence Co.* v. *Devonshire Fabrics*, 271 F. 2d 402, cert. granted 362 U. S. 909, cert. dsmd. 364 U. S. 801). Finally, in accordance with our decision in *Anthony Drugs of Bethpage* v. *Local 1199 Drug & Hosp. Union, AFL-CIO* (34 A D 2d 788), appellant, if it so desires, should be granted a jury trial on the question of the existence of an agreement to arbitrate. Munder, Acting P. J., Martuscello, Latham, Shapiro and Gulotta, JJ., concur.